# Exhibit B

## Documents Filed in the State Court Action

Electronically Filed - Clinton - February 22, 2023 - 03:54 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI
AT PLATTSBURG**

| | |
|---|---|
| **KARLIE WISER,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **GROUND EEFECTS LLC** ) | |
| **(DELAWARE)** ) | |
| **)** | |
|     Defendant. ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record

for Plaintiff and those similarly situated in the above captioned matter.


Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - February 22, 2023 - 03:52 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| **KARLIE WISER,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **GROUND EFFECTS LLC** ) | |
| **(DELAWARE)** ) | |
| Registered Agent: ) | |
| CSC- Lawyers Incorporating Service Co. ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION

**COMES NOW** the Plaintiff, Karlie Wiser, by and through her attorneys, and on behalf of herself, and brings the following class action against Defendant, Ground Effects LLC (Delaware), ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1.    Plaintiff brings this action against Defendant for violations of the FCRA.

2.    Defendant obtained information concerning the Plaintiff from a third-party.

3.    Defendant paid a fee for the information it obtained concerning the Plaintiff.

4.    The information obtained, concerning the Plaintiff, was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5.    Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6.    Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7.     Plaintiff asserts claims against Defendant on behalf of herself and a class of

Defendant's employees and prospective employees whose rights under the FCRA

were violated.

8.     On behalf of herself and all class members, Plaintiff seeks statutory damages,

punitive damages, costs and attorneys' fees, and all other available relief.

**PARTIES**

9.     Plaintiff is a resident of Kansas City, Kansas.  Plaintiff is a member of the

Putative Classes defined below.

10.    Defendant is a foreign company doing business in Missouri and throughout the

United States.

**JURISDICTION AND VENUE**

11.    This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. §

1681p and Article V, Section 14(a) of the Constitution of Missouri.

12.    Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

**FACTUAL ALLEGATIONS**

13.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14.    Plaintiff applied online through Indeed for employment with Defendant in or

about November 2022.

15.    Plaintiff received an email and set up an interview.

16.    Plaintiff told the Defendant about her criminal history during the interview.

17.    Plaintiff was hired and sent to take a drug test.

18.    Plaintiff passed the drug test.

19.    Plaintiff worked approximately two nights.

20. Plaintiff received a message and was told she was being fired due to information in her Consumer Report.

21. Plaintiff did not receive a copy of her Consumer Report before her termination.

22. Plaintiff was not given an opportunity to review the Consumer Report before the Defendant took adverse action.

23. Plaintiff believes the Defendant may have sent her an email with a link to her Consumer Report but she was unable to access the report.

24. Since the Plaintiff had taken the time to explain her criminal history to the Defendant and was allowed to proceed with the application process the information in Plaintiff's Consumer Report must have been misleading or inaccurate.

25. Plaintiff believes she could have successfully disputed the information in her Consumer Report and maintained employment if she had been given an opportunity to review her Consumer Report.

26. Terminating the Plaintiff because of information in her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

27. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in violation of her rights.

28. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in violation of the FCRA.

29. Plaintiff would not have allowed the Defendant access to her personal information

if she had known she would not be given a copy of her Consumer Report before any adverse action.

30. Plaintiff would not have allowed the Defendant access to her personal information if she had known that her personal information would be used in an illegal manner.

31. The adverse action suffered by the Plaintiff is an injury in law.

32. The illegal use of the Plaintiff's personal information is akin to a breach of trust.

33. The illegal use of the Plaintiff's personal information is an injury in fact.

34. Defendant's actions also had downstream consequences concerning their violation of equal employment laws.

35. Defendant failed to consider the frequency, recentness, and severity of the Plaintiff's criminal record or any sentence related to the criminal history.

36. The information contained within the Plaintiff's Consumer Report was not reasonably related to the duties and responsibilities of Plaintiff's job.

37. Defendant's actions violated Kansas City Ordinance § 38-104, which is an ordinance in the Civil Rights Chapter, Discriminatory Practices Article of the Kansas City Ordinances.

38. If Plaintiff would have received a copy of the Consumer Report prior to the adverse action the Plaintiff and Defendant could have discussed the requirements set forth by Kansas City ordinance §38-104 and kept her job.

39. If Plaintiff had received a copy of the Consumer Report prior to the adverse action the Plaintiff could have reviewed the Consumer Report and pointed out inaccuracies.

40.    Defendant's actions deprived the Plaintiff of her right to address the information in her Consumer Report.

41.    Defendant's access and use of Plaintiff's Consumer Report was done in violation of the FCRA.

42.    On information and belief, the Defendant certified to that it would not use the Plaintiff's Consumer Report in violation of any applicable federal or state equal employment law or regulation.

43.    According to 15 U.S.C. §1681b(b)(1), Defendant should have provided the Consumer Reporting Agency that provided the Plaintiff's report with a certification that: they had complied with 15 U.S.C. §1681b(b)(2), would comply with 15 U.S.C. §1681b(b)(3), and would not use Plaintiff's Consumer Report in violation of equal employment opportunity laws or regulations.

44.    On information and belief, Defendant provided the Consumer Reporting Agency that provided the Plaintiff's report with a certification concerning their 15 U.S.C. 1681b(b)(1) obligations.

45.    Defendant's certifications were false.

46.    Defendant's violation of 15 U.S.C. §1681b(b)(3) confused the Plaintiff.

47.    Plaintiff believed the Defendant's employment decision was final and there was nothing she could do to change their mind.

48.    Defendant's action caused the Plaintiff embarrassment, humiliation, and anxiety.

49.    Defendant's actions deprived Plaintiff of a meaningful opportunity to invoke the discretion of the decisionmaker before termination.

50.    Plaintiff did not receive the protections she was entitled to because of the

Defendant's actions.

51. Defendant is aware of the FCRA.

52. Defendant has knowledge that it must comply with the FCRA.

53. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

54. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were reckless.

55. The manner in which the Defendant took Adverse Action against the Plaintiff is consistent with its policies and procedures.

## CLASS ACTION ALLEGATIONS

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Plaintiff asserts the following proposed classes:

**ADVERSE ACTION CLASS:** All individuals against whom the Defendant took an adverse action based on information in their Consumer Report for the period from February 22, 2021, through the conclusion of this matter.

**CERTIFICATION CLASS:** All individuals who were the subject of one or more Consumer Reports in which the Defendant represented that it would comply with 15 U.S.C. §1681b(b)(1) for the period from February 22, 2017, through the conclusion of this matter.

### Numerosity

58. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to conduct background checks on prospective employees and existing employees. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the

nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

59. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a.  Whether Defendant uses the information in an individual's Consumer Report to take adverse actions;

   b.  Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other putative class members on the basis of information in a Consumer Report without first providing a copy of the report;

   c.  Whether the Defendant obtained Consumer Report via a false 15 U.S.C. §1681b(b)(1) certification;

   e.  Whether Defendant's actions were reckless; and

   f.  The proper measure of damages.

### Typicality

60. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

Electronically Filed - Clinton - February 22, 2023 - 03:52 PM

**Adequacy of Representation**

61.     Plaintiff, as representative of the class, will fairly and adequately protect the
interests of the class and has no interest that conflict with or are antagonistic to
the interest of the class members. Plaintiff has retained attorneys competent and
experienced in class action litigation. No conflict exists between Plaintiff and
members of the class.

**Superiority**

62.     A class action is superior to any other available method for the fair and efficient
adjudication this controversy, and common questions of law and fact
overwhelmingly predominate over individual questions that may arise.

63.     This case is maintainable as a class action under Rule 52 of the Missouri Rules of
Civil Procedure because prosecution of actions by or against individual members
of the putative class would result in inconsistent or varying adjudications and
create the risk of incompatible standards of conduct for Defendant. Further,
adjudication of each individual class member's claim as a separate action will
potentially be dispositive of the interest of other individuals not a party to such
action, impeding their ability to protect their interests.

64.     This case is maintainable as a class action under Rule 52 of the Missouri Rules of
Civil Procedure because Defendant has acted or refused to act on grounds that
apply generally to the class, so that any final relief is appropriate respecting the
class as a whole.

65.     Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil
Procedure because questions of law and fact common to the putative class

predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

66.     Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

**Count I**
**Adverse Action**

67.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

        Defendant obtained a "Consumer Report" concerning the Plaintiff.

68.     Defendant used the report to take adverse employment action against the Plaintiff, and on information and belief, other putative class members.

69.     Defendant violated the FCRA by failing to provide Plaintiff, and other putative class members, with a copy of their report before adverse action was taken.

70.    Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to address the information in their report.

71.    Defendant violated the FCRA by failing to provide the Plaintiff and other putative class members with a reasonable time to dispute their report.

72.    Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and the putative class members.

73.    The foregoing violations were reckless.

74.    Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and the putative class members.

75.    Defendant's reckless conduct is reflected by, among other things, the following facts:

    a.    Defendant has access to legal advice through outside employment counsel;

    b.    The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA;

    c.    15 U.S.C. §1681b(b)(1) required the Defendant to certify that the protections of 15 U.S.C. §1681b(b)(3) would be followed; and

76.    Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

77.    Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

78.    Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## **COUNT II**

## Certification Violations

79.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

80.    Consumer Reporting Agencies are legally prohibited from providing Plaintiff's Consumer Report without first obtaining the certifications required by 15 U.S.C. §1681b(b)(1).

81.    According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they have complied with the mandates of 15 U.S.C. §1681b(b)(2).

82.    According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that they will comply with the mandates of 15 U.S.C. §1681b(b)(3) if that section becomes applicable.

83.    According to the provisions of 15 U.S.C. §1681b(b)(1), Defendant cannot obtain an applicant's Consumer Report until they have certified that information from the Consumer Report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation.

84.    On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant certified that they had complied with 15 U.S.C. §1681b(b)(2) and would comply with 15 U.S.C§1681b(b)(3) if that section became applicable.

85.    On information and belief, prior to obtaining a Consumer Report, concerning the Plaintiff and other putative class members, the Defendant also certified that information would not be used in violation of any applicable Federal or State equal opportunity employment law or regulation.

86.     Defendant knew that it would not comply with the mandates of 15 U.S.C.

         §1681b(b)(1) prior to obtaining a copy of the Plaintiff's Consumer Report.

87.     Defendant made false certifications to obtain and use Consumer Reports for

         employment purposes.

88.     The provisions of 15 U.S.C. §1681b(b)(1) are intended to protect the privacy

         rights of Plaintiff and putative class members.

89.     Plaintiff and the putative class members were injured by the Defendant's practice

         of obtaining Consumer Reports via false certifications.

90.     Absent the Defendant's false certifications, the Defendant would not

         have gained access to the Plaintiff's Consumer Report.

91.     Absent the Defendant's false certifications, the Plaintiff would not

         have lost her job.

92.     Plaintiff would have never permitted the Defendant to obtain a copy of her

         Consumer Report if had she known that the Defendant would violate the

         provisions of the FCRA.

93.     Plaintiff would have never permitted the Defendant to obtain a copy of her

         Consumer Report if had she known that the Defendant was obtaining Consumer

         Reports in violation of the law.

94.     Plaintiff would have never permitted the Defendant to obtain a copy of her

         Consumer Report had she known that the Defendant employed a policy to take

         adverse action in violation of the FCRA.

95.     Plaintiff would have never permitted the Defendant to obtain a copy of her

         Consumer Report had she known that the Defendant would deny her the

opportunity to dispute her Consumer Report before any adverse action.

96.     Defendant's failure to comply with the unambiguous mandates of the FCRA

injured the Plaintiff and putative class members.

97.     The foregoing violations were done in reckless disregard of the law.

98.     Defendant acted in deliberate or reckless disregard of its obligations and of the

Plaintiff's rights.

99.     Defendant's reckless conduct is reflected by, among other things, the following:

a.      Defendant has access to legal advice through outside employment counsel;

b.      The Defendant has ignored regulatory guidance from FTC Informal Staff

Opinions and the unambiguous language of the FCRA; and

c.      Defendant made certifications per 15 U.S.C. §1681b(b)(1) that it

purposely violated.

100.    Plaintiff and the proposed putative class members are entitled to statutory

damages of not less than $100 and not more than $1000 for each and every one of

these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

101.    Plaintiff and the proposed putative class members are also entitled to punitive

damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

102.    Plaintiff and the proposed putative class members are further entitled to recover

their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order

for the following:

a.      An Order that this action may proceed as a class action under Rule 52 of

the Missouri Rules of Civil Procedure;

b.  Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.  Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.  Order finding that Defendant committed multiple, separate violations of the FCRA;

e.  Order finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.  Order awarding statutory damages and punitive damages as provided the FCRA;

g.  Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i.  Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - February 22, 2023 - 03:52 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI
## AT PLATTSBURG

| | |
|---|---|
| **KARLIE WISER,** | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
|     Plaintiffs, | ) |
| | )   Case No.: |
| vs. | ) |
| | ) |
| **GROUND EFFECTS LLC** | **)** |
| **(DELAWARE),** | **)** |
| | **)** |
|     Defendant. | ) |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    PLEASE TAKE NOTICE THAT Plaintiff requests that Defendant produce for inspection and copying the documents described below. Production shall be made at the office of Plaintiff's attorneys, C. Jason Brown and Jayson A. Watkins, Brown & Watkins LLC; 301 S. US 169 Hwy; Gower Missouri 64454, within the time prescribed by the applicable rules of civil procedure or at such other time and place as may be mutually agreed.

    If there are documents responsive to any of the foregoing Requests which Defendant refuses to produce, please define or designate the documents in your Response with sufficient particularity, pursuant to the Federal Rules of Civil Procedure, to allow us to make a motion for a court order to require production of these documents.

    PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

    Plaintiff will at the time of trial move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these Requests and Interrogatories not disclosed in your response thereto.

## **REQUESTS FOR PRODUCTION**

**Request No. 1:**  Any and all documents the Defendant used to disclose to the Plaintiff that a consumer report would be procured for employment purposes.

**Response:**

**Request No. 2:**  Any and all documents in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes.

**Response:**

Respectfully submitted,

By: /s/ C. Jason Brown
C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - February 22, 2023 - 03:52 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

**KARLIE WISER,**                                   )
Individually And On Behalf Of          )
All Others,                                              )
                                                             )
       Plaintiffs,                              )
                                                             )          Case No.:
vs.                                                         )
                                                             )          **JURY TRIAL DEMANDED**
**GROUND EEFECTS LLC**             )
**(DELAWARE)**                             )
                                                             )
       Defendant.                             )


## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

      Comes now Plaintiff, by and through counsel, and pursuant to Local Rule of

Clinton County, hereby moves for the appointment of David Roberts as private process

server in the above captioned-matter.   Plaintiff states that David Roberts is over the age

of 18 and is not a party to this action.


By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFFS

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **KARLIE WISER,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | **F I L E D** |
| Plaintiffs, ) | FEB 2 4 2023 |
| ) | Case No.: Clerk of Clinton Co. Circuit Court |
| vs. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **GROUND EFFECTS LLC** ) | |
| **(DELAWARE)** ) | |
| ) | |
| Defendant. ) | |

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process

Server is sustained and David Roberts who is over the age of 18 and not a party to this

action, is hereby appointed to serve process in the above captioned matter.

DATE:_____**Feb 24, 2023**_____

_____
Judge or Circuit Clerk



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 23CN-CC00011 | *FILED*<br>*2/24/2023*<br>*Clinton County*<br>*Circuit Court* |
|---|---|---|
| Plaintiff/Petitioner:<br>KARLIE WISER | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| vs. | | |
| Defendant/Respondent:<br>GROUND EFFECTS LLC (DELAWARE) | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GROUND EFFECTS LLC (DELAWARE)
                                          **Alias:**
C/O CSC LAWYERS INCORP SERVICE
221 BOLIVAR
JEFFERSON CITY, MO 65101

**COURT SEAL OF**



**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

|  02/24/2023  | *Misty Dean* | TAH, Senior Clerk |
|---|---|---|
| Date | Clerk | |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
      Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                            Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) For Court Use Only: Document ID # 23-SMCC-80    1 of 1 (23CN-CC00011)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:23-cv-06049-BP    Document 1-2    Filed 04/11/23    Page 21 of 23

## AFFIDAVIT OF SERVICE

**State of Missouri**                          **County of Clinton**                          **Circuit Court**

Case Number: 23CN-CC00011

Plaintiff/Petitioner:
**KARLIE WISER, individually and on behalf of all others**
vs.
Defendant/Respondent:
**GROUND EFFECTS, LLC (DELAWARE)**

Received by HPS Process Service & Investigations to be served on **Ground Effects, LLC (Delaware), c/o CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.** I, DAVID M. ROBERTS , being duly sworn, depose and say that on the 14 day of MAR , 2023 at 1:56 p.m., executed service by delivering a true copy of the Summons in Civil Case; Petition; First Request for Production of Documents; Motion for Appointment of Private Process Server; and Order for Appointment of Private Process Server in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY
as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

COMMENTS:_____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the 14 day
of March , 2023 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # PPS 23-0156
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2023004284

EMILY ANN BOLING
Notary Public - Notary Seal
STATE OF MISSOURI
County - Callaway
Commission # 18708901
My Commission Expires: 01/11/2026

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.2i



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 23CN-CC00011 |
| Plaintiff/Petitioner:<br>KARLIE WISER | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| vs. | |
| Defendant/Respondent:<br>GROUND EFFECTS LLC (DELAWARE) | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

> **FILED**
> **2/24/2023**
> **Clinton County**
> **Circuit Court**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: GROUND EFFECTS LLC (DELAWARE)
     **Alias:**

C/O CSC LAWYERS INCORP SERVICE
221 BOLIVAR
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

CIRCUIT COURT OF MISSOURI

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    02/24/2023          _Misty Dean_     | TAH, Senior Clerk |
       Date                               Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
    _____, a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to:
    _LAUREN SHIPLEY_ (name) _designee of Reg. Agent_ (title).
☐ other: _____

Served at _221 BOLIVAR ST., JEFFERSON CITY, MO 65101_ (address)
in _COLE_ (County/City of St. Louis), MO, on _03/14/23_ (date) at _1:56 PM_ (time).

_DAVID M. ROBERTS_              _D.M. Roberts_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _3/14/2023_ (date).

(Seal)

My commission expires: _01/11/2026_       _Emily Ann Boling_
       Date                             Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

> EMILY ANN BOLING
> Notary Public - Notary Seal
> STATE OF MISSOURI
> County - Callaway
> Commission # 18708901
> My Commission Expires: 01/11/2026

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* **Document ID # 23-SMCC-80**    1 of 1 (23CN-CC00011)    Civil Procedure Form No. 1, SCR 54.01 – 54.05,
                                        54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo